JAMES F. SPEYER (Bar No. 133114)
james.speyer@hellerehrman.com
JESSE P. SISGOLD (Bar No. 222403)
jesse.sisgold@hellerehrman.com
ANNA R. ZUSMAN (Bar No. 232753)
anna.zusman@hellerehrman.com
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Angeles, CA 90071-3043
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

Attorneys for Defendants
ARMOR HOLDINGS, INC.
DEFENSE TECHNOLOGY CORPORATION OF AMERICA

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PROVENCIO, JR. personally and as sucessor in interest to DANIEL PROVENCIO, deceased, by his guardian ad litem, Maria Lucero, NANCY MENDOZA, and JOHNNY G. PROVENCIO,<br><br>    Plaintiffs,<br><br>v.<br><br>DEFENSE TECHNOLOGIES, INC., DEFENSE TECHNOLOGY FEDERAL LABORATORIES, ARMOR HOLDINGS, INC., and DOES 1 TO 100, inclusive,<br><br>    Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY OF CITIZENSHIP)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendants Armor Holdings, Inc. and Defense Technology Corporation of America[1] ("Defendants") hereby remove the action described below to this Court.[2] This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

In support of this Notice of Removal, Defendants state as follows:

1. On or about January 12, 2007, plaintiffs commenced a wrongful death action in the Superior Court of the State of California for the County of Kern entitled *Daniel Provencio, Jr. v. Defense Technologies, Inc., et al.*, Case No. S1500 CV 259969 SPC. Plantiffs then amended the complaint to substitute in Armor Holdings, Inc. for DOE 1, which the Superior Court approved on March 12, 2007. (Copies of the original complaint, amendment to complaint, civil case cover sheet and notice of related case are attached as Exhibit A.)

2. Plaintiffs mail-served Defendants in Florida with the complaint, amendment to complaint and summons on March 26, 2007, thereby effecting service on April 5, 2007. *See* Cal. Civ. Proc. § 415.40 (service by mail on a defendant outside of California becomes effective 10 days after mailing). Pursuant to 28 U.S.C. § 1446(b), this removal is, thus, timely because it is accomplished within 30 days of the removing party being served with the initial pleading. (Copies of the summons and the date-stamped mail envelope it came in are attached as Exhibit B.)

3. This is a civil action of which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. It may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between

---

[1] Misnamed in plaintiffs' complaint as Defense Technologies, Inc.
[2] The complaint also identifies "Defense Technology Federal Laboratories" as a defendant. This is apparently an attempt to sue Federal Laboratories, which is an unincorporated division of Armor Holdings, Inc. Because Federal Laboratories has no corporate identity separate from Armor Holdings, Inc., it is not properly a separate defendant.

---

1
NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY)

citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

4. Defendants are informed and believe that the plaintiffs – Daniel Provencio, Jr., personally and as successor in interest, Maria Lucero, guardian ad litem for Daniel Provencio, Jr., Nancy Mendoza and Johnny G. Provencio – were each at the time of the filing of this action and still are citizens of California.

5. Armor Holdings, Inc. was at the time of the filing of this action and still is a Delaware corporation with its principal place of business in Florida. Defense Technology Corporation of America, a subsidiary of Armor Holdings, Inc., was at the time of the filing of this action and still is a Delaware corporation with its principal place of business in Wyoming.

6. Consequently, complete diversity exists between all plaintiffs and all named and served defendants.

7. Defendants are informed and believe that at the time of commencement of this action, and at the time of this Notice of Removal, plaintiffs seek, and the actual amount in controversy is, in excess of $75,000, exclusive of interest and costs. In their complaint for wrongful death, the parents and sole surviving son of the 30-year-old decedent seek compensatory damages that include but are not limited to "the pecuniary value of the loss of the care, comfort, society, protection and love of the decedent," as well as punitive damages. Complaint, §§ 11, 14. Given the compensatory and punitive damages plaintiffs seek in their Complaint, the sum "more likely than not" exceeds the jurisdictional requirement. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir. 1996) (defendant need only prove existence of the jurisdictional amount by preponderance of the evidence).

///
///
///
///

Based on the foregoing, this case is properly removed and original jurisdiction vests in this Court pursuant to 28 U.S.C. § 1332.

DATED: April 30, 2007

Respectfully submitted,
HELLER EHRMAN LLP

By /s/ Anna R. Zusman
    ANNA R. ZUSMAN

Attorneys for Defendants
ARMOR HOLDINGS, INC.
DEFENSE TECHNOLOGY CORPORATION OF AMERICA

LA 424644 v1
(44236.0002)

NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441(B) (DIVERSITY)