1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIEL PROVENCIO, JR ., et al.,    ) | 1: 07 - CV - 0651 AWI DLB |
|      ) | |
|     Plaintiff,   ) | MEMORANDUM OPINION AND |
| v.    ) | ORDER GRANTING UNOPPOSED |
|      ) | MOTION TO DISMISS |
| DEFENSE TECHNOLOGY,   ) | |
| CORPORATION OF AMERICA, et al.,  ) | |
|      ) | (Document #16) |
|     Defendant.   ) | |
| _____) | |

**BACKGROUND**

On January 2, 2007, Plaintiff filed a complaint for wrongful death in the Kern County Superior Court.  The complaint alleges that Defendant's product caused the death of Decedent Daniel Provencio ("Decedent").   The complaint alleges that Decedent died from a gunshot wound to his head inflicted with Defendant's 40mm rifle by a non-party Wasco State Prison Guard.  The complaint is brought by Decedent's minor child, Plaintiff Daniel Provencio, Jr, personally and as successor in interest to Decedent, by his guardian ad litem, Maria Lucero ("Minor Plaintiff"), and by Decedent's parents, Plaintiff Johnny G. Provencio and Plaintiff Nancy Mendoza ("Parent Plaintiffs").    The complaint alleges a products liability claim.  On April 30, 2007, Defendant removed this action to this court because the parties are citizens of different states and over $75,000 is in controversy.

On May 7, Defendant filed a motion to dismiss.   Defendant contends that Parent

1   Plaintiffs must be dismissed because they lack standing to assert a wrongful death claim.

2   Defendants also contend that the complaint's request for punitive damages must be stricken

3   because punitive damages are not recoverable as a matter of law in a wrongful death action.

4   **LEGAL STANDARDS**

5   **A.  Motion to Dismiss for Failure to State a Claim**

6        A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

7   Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the

8   claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing

9   Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Balistreri v. Pacifica Police Department, 901 F.2d

10  696, 699 (9th Cir. 1990).  A Rule 12(b)(6) dismissal can be based on the failure to allege a

11  cognizable legal theory or the failure to allege sufficient facts under a cognizable legal theory.

12  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 533-34 (9th Cir.1984).  In considering a

13  motion to dismiss, the court must accept as true the allegations of the complaint in question,

14  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

15  the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

16  favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

17  **B.  Motion to Dismiss for Lack of Jurisdiction**

18       Because standing is jurisdictional, it is properly raised through Rule 12(b)(1) and not

19  through Rule 12(b)(6).  White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000). Whether a "particular

20  party has standing to pursue a claim naturally precedes the question of whether that party has

21  successfully stated a claim."  Moreland v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir. 1998).

22       The plaintiff has the burden to establish that subject matter jurisdiction is proper.

23  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); In re Ford Motor Co., 264 F.3d

24  952, 957 (9th Cir. 2001).  This burden, at the pleading stage, must be met by pleading sufficient

25  allegations to show a proper basis for the court to assert subject matter jurisdiction over the

26  action.  McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Fed. R. Civ. P.

27

28                                                                                   2

8(a)(1).  The pleading must show "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." Tosco Corp. v. Communities For A Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).   When a defendant challenges jurisdiction "facially," all material allegations in the complaint are assumed true, and the question for the court is whether the lack of federal jurisdiction appears from the face of the pleading itself.  See Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004); Thornhill Publishing Co. v. General Telephone Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

**C. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.   Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983).   Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).  Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527.  Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party.   Id.

**DISCUSSION**

Under California law, there are several  types of actions that may concern a decedent.  A survival action is a personal injury action that survives to permit a decedent's estate to recover

damages that would have been personally awarded to the decedent had he survived.  See Cal.Code Civ. Pro. §§ 377.20, 377.30 .   A wrongful death action, in contrast, is an independent claim for damages personally suffered by a decedent's heirs as a result of the decedent's death. See Cal.Code Civ. § 377.60.    A wrongful death action is intended to compensate the decedent's heirs for the losses they have sustained as a result of the death, such as loss of financial support and society.   Garofalo v. Princess Cruises, Inc., 85 Cal.App.4th 1060, 1072 (2000).

**A.  Standing for a Wrongful Death Action**

Defendants contend that Parent Plaintiffs must be dismissed from this action. Defendants contend that Parent Plaintiffs do not have standing to assert a wrongful death action based on Defendants' alleged wrongful conduct towards Decedent.

"Standing is a necessary element of federal-court jurisdiction." Byrd v. Guess, 137 F.3d 1126, 1131 (9th Cir. 1998); Big Country Foods, Inc. v. Board of Education, 952 F.2d 1173, 1176 (9th Cir. 1992).  Whether a "particular party has standing to pursue a claim naturally precedes the question of whether that party has successfully stated a claim." Moreland v. City of Las Vegas, 159 F.3d 365, 369 (9th Cir. 1998).  The appropriate question of standing is "whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction." Warth v. Seldin, 422 U.S. 490, 498 (1975) (citation omitted); Immigrant Assistance Project of the L.A. County Fed'n of Labor v. INS, 306 F.3d 842, 859 (9th Cir. 2002).  As the Supreme Court has explained:

> The party invoking federal jurisdiction bears the burden of establishing these elements.  Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.  At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we "presume that general allegations embrace those specific facts that are necessary to support the claim."  In response to a summary judgment motion, however, the plaintiff can no longer rest on such "mere allegations," but must "set forth" by affidavit or other evidence "specific facts," which for purposes of the summary judgment motion will be taken to be true.  And at the final stage, those facts (if controverted) must be "supported adequately by the evidence adduced at trial."

4

1  Lujan, 504 U.S. at 561 (internal citations omitted).

2       Standing to sue in a wrongful death action is governed by California Code of Civil

3  Procedure § 377.60, and the category of persons eligible to bring a wrongful death action is

4  strictly construed.  Steed v. Imperial Airlines, 12 Cal.3d 115, 119-20 (1974); Bouley v. Long

5  Beach Memorial Medical Center, 127 Cal.App.4th 601, 606 (2005); Chavez v. Carpenter, 91

6  Cal.App.4th 1433, 1438 (2001); Fraizer v. Velkura, 91 Cal.App.4th 942, 945 (2001); Marks v.

7  Lyerla, 1 Cal. App. 4th 556, 559-60 (1991); see also Cal. Code Civ. Pro. § 377.60.   Section

8  377.60 establishes a wrongful death cause of action and delineates who may avail themselves of

9  the action.  In relevant part, Section 377.60 reads:

10       A cause of action for the death of a person caused by the wrongful act or neglect
11       of another may be asserted by any of the following persons or by the decedent's
         personal representative on their behalf:

12       (a) The decedent's surviving spouse, domestic partner, children, and issue of
13       deceased children, or, if there is no surviving issue of the decedent, the persons,
         including the surviving spouse or domestic partner, who would be entitled to the
14       property of the decedent by intestate succession.

15       (b) Whether or not qualified under subdivision (a), if they were dependent on the
         decedent, the putative spouse, children of the putative spouse, stepchildren, or
16       parents. As used in this subdivision, "putative spouse" means the surviving spouse
         of a void or voidable marriage who is found by the court to have believed in good
17       faith that the marriage to the decedent was valid.

18  Cal. Code Civ. Pro. § 377.60. California Probate Code § 6402 sets the order of intestate

19  succession under Section 377.60.  See Chavez, 91 Cal.App.4th at 1440; Frazier, 91 Cal.App.4th

20  at 946.  When there is no surviving spouse or domestic partner, Section 6402, in relevant part,

21  provides the following succession:

22       (a) To the issue of the decedent, the issue taking equally if they are all of the same
23       degree of kinship to the decedent, but if of unequal degree those of more remote
         degree take in the manner provided in Section 240.

24       (b) If there is no surviving issue, to the decedent's parent or parents equally.

25       (c) If there is no surviving issue or parent, to the issue of the parents or either of
26       them, the issue taking equally if they are all of the same degree of kinship to the
         decedent, but if of unequal degree those of more remote degree take in the manner
27       provided in Section 240.

28                                      5

(d) If there is no surviving issue, parent or issue of a parent, but the decedent is survived by one or more grandparents or issue of grandparents, to the grandparent or grandparents equally, or to the issue of those grandparents if there is no surviving grandparent, the issue taking equally if they are all of the same degree of kinship to the decedent, but if of unequal degree those of more remote degree take in the manner provided in Section 240.

Cal. Prob. Code § 6402(a)-(d).

A plaintiff who brings a wrongful death suit as an heir must establish the absence of issue by the decedent and the entitlement or propriety of the heir to seek recovery under Section 377.60, i.e. that the heir actually has standing under Section 377.60. See Nelson v. County of Los Angeles, 113 Cal.App.4th 783, 789 (2004); Coats v. K-Mart Corp., 215 Cal.App.3d 961, 969-70 (1989); Jolley v. Clemens, 28 Cal.App.2d 55, 74-75 (1938). In this action, the complaint alleges that Decedent leaves a son, Minor Plaintiff.   As such, Parent Plaintiffs may not sue as heirs for Decedent's death pursuant to California Code of Civil Procedure § 377.60(a).

However, there is still another method by which Parent Plaintiffs may sue under California's wrongful death statute despite the presence of issue.   "Regardless of their status as heirs, parents may sue for the wrongful death of their child 'if they were dependent on the decedent.'"  Chavez, 91 Cal.App.4th at 1440 (quoting Code Civ. Pro. § 377.60(b)); see also Foster v. City of Fresno, 392 F.Supp.2d 1140, 1146 (E.D. Cal. 2005).  "Dependence" refers to financial rather than emotional dependency and a parent must show that they were actually dependent, to some extent, upon the decedent for the necessities of life.   Foster, 392 F.Supp.2d at 1146; Chavez, 91 Cal.App.4th at 1445.   The complaint contains no allegations that Parent Plaintiffs depended on Decedent for any of their necessities in life.    Thus, Parent Plaintiffs must be dismissed from the wrongful death cause of action.

If a complaint's allegations are insufficient to confer standing, courts generally dismiss with leave to amend because "often a plaintiff will be able to amend its complaint to cure standing deficiencies." Byrd, 137 F.3d at 1131 (quoting United Union of Roofers v. Insurance Corp. of America, 919 F.2d 1398, 1402 (9th Cir. 1990)).   Because it may be possible for Parent

1  Plaintiffs to add sufficient allegations to give them standing for a wrongful death claim, the court

2  will dismiss Parent Plaintiffs with leave to amend the complaint to allege financial dependance

3  on Decedent.  Parent Plaintiffs are advised that any amended complaint that includes such claims

4  must be based upon a well-founded belief that a cognizable or arguable legal theory exists that

5  would support a wrongful death action by Parent Plaintiffs.  See Fed. R. Civ. P. 11.

6  **B.  Punitive Damages**

7           Defendant moves to strike the complaint's request for punitive damages.   California law

8  bars the recovery of punitive damages in a wrongful death action.  See, e.g., In re Paris Air Crash,

9  622 F.2d 1315, 1318 n.2 (9th Cir. 1980); Tarasoff v. Regents of the University of California, 17

10  Cal.3d 425, 450 (1976); Rufo v. Simpson, 86 Cal.App.4th 573, 616 n.14 (2001); Ford Motor Co.

11  v. Superior Court, 120 Cal.App.3d 748, 751 (1981); Cortez v. Macias, 110 Cal.App.3d 640, 657

12  (1980).   California Civil Procedure Code § 377.61 defines the damages available in a wrongful

13  death action as those that are just "under all the circumstances of the case," but does not "include

14  damages recoverable under Section 377.34".  Cal. Civ. Pro. Code § 377.61.   California Civil

15  Procedure Code § 377.34 provides the damages in a survival action, and include damages "the

16  decedent sustained or incurred before death, including any penalties or punitive or exemplary

17  damages".  Cal. Civ. Pro. Code § 377.34.   Because punitive damages are provided for under

18  California Civil Procedure Code § 377.34, they are not allowed in a wrongful death claim.[1]

19  Accordingly, the complaint's request for punitive damages will be struck.

20  //

21  //

22

23

24

25           [1] Under California Civil Code § 3294(d), it is ***possible*** that punitive damages may be
26  available to the survivors of homicide victims in instances where the homicide resulted in the
    defendant's conviction of a felony.  See Shore v. Gurnett, 122 Cal.App.4th 166, 175 (2004).   As
27  Defendant was not convicted of a felony, this possible exception clearly does not apply.

28                                                      7

**ORDER**

Accordingly, based on the above memorandum opinion and order, the court ORDERS that:

1.    Defendant's motion to dismiss and strike is GRANTED;

2.    Plaintiff Nancy Mendoza and Plaintiff Johnny G. Provencio ("Parent Plaintiffs") are DISMISSED from this action with leave to file an amended complaint in which they allege standing;

3.    The request for punitive damages found in the complaint is HEREBY STRUCK;

4.    Any amended complaint SHALL BE FILED within twenty days of this order's date of service.

IT IS SO ORDERED.

**Dated:    July 27, 2007**                         _____/s/ Anthony W. Ishii_____
                                                   UNITED STATES DISTRICT JUDGE