**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **DANIEL PROVENCIO, JR.,** personally and as successor in interest to **DANIEL PROVENCIO,** deceased, by his guardian at litem, Maria Lucero<br><br>Plaintiff,<br><br>v.<br><br>**ARMOR HOLDINGS, INC.,** *et al.*<br><br>Defendants. | CV-F-07-00651 AWI-TAG<br><br>**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

This case comes before the Court on Defendants' motion to dismiss the First Amended Complaint filed by Plaintiff Daniel Provencio, Jr. ("Provencio") for failure to state a claim under Fed. R. Civ. Proc. 12(b)(6). Defendants' motion to dismiss is granted.

**FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY**

On January 2, 2007, Plaintiff filed a complaint for wrongful death in the Kern County Superior Court. The complaint alleges that Defendants' product caused the death of decedent Daniel Provencio ("decedent"). According to the complaint, decedent died from a gunshot wound to his head inflicted with Defendant's 40mm rifle by a non-party Wasco State Prison Guard. The complaint was filed by Decedent's minor child, Plaintiff Daniel Provencio, Jr., personally and as successor in interest to decedent, by his guardian ad litem, Maria Lucero

("Minor Plaintiff"), and by decedent's parents, Plaintiff Johnny G. Provencio and Plaintiff Nancy Mendoza ("Parent Plaintiffs"). The complaint alleges a products liability claim. On April 30, 2007, Defendants removed this action to this Court based on diversity jurisdiction.

On July 27, 2007 this Court dismissed the Parent Plaintiffs from the complaint, with leave to amend to file a first amended complaint in which they allege standing. Plaintiff's first amended complaint ("FAC") was filed on September 11, 2007. The FAC did not include the Parent Plaintiffs but it added a claim for negligence. Defendants have presently filed a second motion to dismiss, this time challenging the sufficiency of the factual allegations in the FAC.

## LEGAL STANDARD ON MOTION TO DISMISS

A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A dismissal under Rule 12(b)(6) can be based on the failure to allege a cognizable legal theory or the failure to allege sufficient facts under a cognziable legal theory. *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 533-34 (9th Cir. 1984). Essentially, a motion to dismiss for failure to state a claim tests plaintiff's compliance with the liberal requirements of Rule 8 of the Federal Rules of Civil Procedure. 5A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1356, at 294-96. A court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1960 (2007). Although detailed factual allegations are not required, a plaintiff must provide the grounds of her entitlement to relief beyond mere "labels and conclusions" and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1964-65. In considering a motion to dismiss, the court must accept as true the material facts alleged in the complaint, *Hospital Bldg. Co. v. Rex Hospital Trustees*, 425 U.S. 738, 740 (1976), and liberally construe the complaint in favor of plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411,

421 (1969).

## DISCUSSION

Defendants contend that the FAC contains conclusory allegations devoid of factual content. The substance of the product defect allegation is as follows:

> 10. Each of the defendants knew the products would be purchased and used without inspection for defects. The rifle product was defectively designed and was defective when it left control of each defendant; the projectile was defective when it left control of each defendant or became so through the natural aging process, as defendants well-knew or should have known.

The substance of the negligence allegation is as follows:

> 19. Named defendants and the Doe defendants owed a duty of reasonable care to plaintiff's decedent and plaintiff.
>
> 20. Named defendants and the Doe defendants breached the foregoing duty by negligently designing and manufacturing the products and by failing to give adequate warnings of dangers of their use.

Plaintiff defends the FAC by arguing that its allegations are based on "a judicially-approved California state form."

Whether Plaintiff's allegations are sufficient under state-law pleading requirements is inapposite. Although Plaintiff initially filed his complaint in state court, his case was removed to federal court and is subject to federal pleading requirements under Fed. R. Civ. Proc. 8. *See Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438 (1974) ("The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal."); *see also* Fed. R. Civ. Proc. 81(c) ("These rules apply to civil actions removed to the United States district courts from the state courts and govern procedure after removal."). Thus, that Plaintiff's complaint was originally filed in state court and that such complaint might have been sufficient under state law does not absolve him from complying with federal pleading requirements now that he is in federal court.

Plaintiff's factual allegations in their present state are insufficient to survive a motion to dismiss. "Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65. This case falls squarely within *Bell Atlantic*. Plaintiff's FAC offers only "labels" and "conclusions" cloaked as factual allegations. It is no more than "a formulaic recitation" of the elements of a products liability cause of action and a negligence cause of action without factual allegations fleshing out Plaintiff's grounds for entitlement to relief.[1] Plaintiff does not, for example, allege how or why the product was allegedly defective, nor does he allege how or why the product was negligently designed and manufactured.

Plaintiff also argues that Defendants have notice of Plaintiff's factual allegations through a draft of a joint scheduling conference report purportedly sent to Defendants on August 7, 2007. Plaintiff attaches the draft joint scheduling conference report to his attorney's declaration in support. This Court declines to consider the joint scheduling conference report, as it is not part of the FAC nor does it amend the complaint. The draft report does evidence, however, that Plaintiff's counsel appears to have knowledge of the factual basis supporting Plaintiff's claim. Such facts must find their way into Plaintiff's complaint for relief.

## CONCLUSION AND ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that Defendants' motion to dismiss Plaintiff's first amended complaint is GRANTED. Plaintiff's first amended complaint is dismissed with leave to amend to include factual allegations sufficient to support Plaintiff's claims for products liability and negligence. Any amended complaint

---

[1] Plaintiff also argues that Defendants' motion to dismiss is a Rule 12(e) motion for more definite statement in disguise, and that Defendants are prohibited from bringing the instant motion because they should have made these arguments in their first motion to dismiss. Plaintiff's argument is without merit. Defendants are entitled to test the sufficiency of the FAC, which contains an added cause of action for negligence, notwithstanding their previous motion to dismiss the original complaint.

SHALL BE FILED within 20 days of this order's date of service.

IT IS SO ORDERED.

**Dated:   September 24, 2007**          **/s/ Anthony W. Ishii**
                                         UNITED STATES DISTRICT JUDGE