JAMES F. SPEYER (Bar No. 133114)
james.speyer@hellerehrman.com
JESSE P. SISGOLD (Bar No. 222403)
jesse.sisgold@hellerehrman.com
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, CA 90071-3043
Telephone: (213) 689-0200
Facsimile: (213) 614-1868

Attorneys for Defendants
ARMOR HOLDINGS, INC. and
DEFENSE TECHNOLOGY CORPORATION OF AMERICA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PROVENCIO, JR., personally and as successor in interest to DANIEL PROVENCIO, deceased, by his guardian ad litem, Maria Lucero,<br><br>Plaintiff,<br><br>v.<br><br>ARMOR HOLDINGS, INC., *et al.*,<br><br>Defendants. | Case No.: 1:07-cv-0651-AWI-TAG<br><br>**ANSWER OF DEFENDANTS ARMOR HOLDINGS, INC. AND DEFENSE TECHNOLOGY CORPORATION OF AMERICA TO THE SECOND AMENDED COMPLAINT** |

Defendants Armor Holdings, Inc. and Defense Technology Corporation of America ("Defendants"), by its attorneys, answer each paragraph of the Second Amended Complaint ("Complaint") as follows:

## INTRODUCTORY ALLEGATIONS

1. Defendants admit the allegations contained in paragraph 1 of the Complaint.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Defendants admit that Armor Holdings, Inc. was at the time of the filing of this action and still is a Delaware corporation with its principal place of business in Florida. Defendants deny the remaining allegations contained in paragraph 3 of the Complaint.

4. Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Complaint.

6. Defendants admit that venue is proper. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 of the Complaint.

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

## FIRST CAUSE OF ACTION

(Product Liability – Strict Liability)

8. Defendants restate and reallege every denial and statement made in paragraphs 1 through 7 above.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in paragraph 11 of the Complaint.

12. Defendants deny the allegations contained in paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in paragraph 15 of the Complaint, except that Defendants admit that they manufacture pepper spray that is supplied to the California Department of Corrections.

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Complaint.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint.

## SECOND CAUSE OF ACTION

(Negligence)

23. Defendants restate and reallege every denial and statement made in paragraphs 1 through 22 above.

24. Defendants state that paragraph 24 of the Complaint consists solely of a legal conclusion to which no response is required.

25. Defendants deny the allegations contained in paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in paragraph 26 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

(Unclean Hands)

Plaintiff's claims are barred because of decedent's unclean hands.

### THIRD AFFIRMATIVE DEFENSE

(Laches)

Plaintiff's claims are barred by the doctrine of laches due to his lack of diligence.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's claims are barred to the extent that plaintiff is estopped by decedent's prior conduct.

### FIFTH AFFIRMATIVE DEFENSE

(Justification)

All of the conduct alleged in the Complaint was justified.

### SIXTH AFFIRMATIVE DEFENSE

(Comparative Fault)

Any damages sustained by plaintiff were caused or contributed to by the acts or omissions of others, including decedent. Thus, any recovery which plaintiff obtains against Defendants must be proportionately reduced in an amount attributed to the acts or omissions of others, including decedent.

### SEVENTH AFFIRMATIVE DEFENSE

(Equitable Indemnity)

To the extent that plaintiff has suffered any damage as a result of any act or omission alleged in the Complaint, Defendants are entitled to equitable indemnity according to comparative fault from others causing or contributing to such damages, if any.

### EIGHTH AFFIRMATIVE DEFENSE

(Intervening or Superseding Acts of Third Parties)

Defendants allege that any injuries or damages sustained by plaintiff were proximately caused by the conduct of those other than Defendants. This conduct by those other than Defendants constitutes an intervening or superseding cause of the injury or damages, if any, sustained by plaintiff.

### NINTH AFFIRMATIVE DEFENSE

(No Control of Actor)

Assuming without admitting that plaintiff has been damaged, such damage was caused by someone other than Defendants over whom Defendants had no control.

### **PRAYER**

**WHEREFORE,** Defendants pray:

1. That plaintiff take nothing by his Complaint;
2. That plaintiff's Complaint be dismissed with prejudice;
3. That Defendants be awarded their costs of suit; and
4. For such other and further relief as this Court may deem just and proper.

DATED: November 1, 2007            Respectfully submitted,

HELLER EHRMAN LLP

By /s/ James F. Speyer
           JAMES F. SPEYER
Attorneys for Defendants
ARMOR HOLDINGS, INC. and DEFENSE TECHNOLOGY CORPORATION OF AMERICA