# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL PROVENCIO, JR.** personally and as successor in interest to **DANIEL PROVENCIO**, deceased, by his guardian ad litem, Maria Lucero; **NANCY MENDOZA**, and **JOHNNY G. PROVENCIO**,<br>          **Plaintiffs**,<br>    v.<br>**DEFENSE TECHNOLOGIES, INC., DEFENSE TECHNOLOGY FEDERAL LABORATORIES, ARMOR HOLDINGS INC.**, and **DOES 1 to 100, inclusive**<br>          **Defendant.** | 1: 07 - CV - 0651 AWI DLB<br><br>**ORDER CLOSING CASE IN LIGHT OF STIPULATION FOR DISMISSAL WITH PREJUDICE** |

On November 20, 2008, the parties filed a stipulation for dismissal with prejudice of this case pursuant to Federal Rule of Civil Procedure 41(a)(1). The notice indicates that the parties will bear their own costs and that a malicious prosecution claim will not be brought against Plaintiff. The notice is signed by all parties who have appeared in this case.

Rule 41(a)(1), in relevant part, reads:

> (A) . . . the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . . (B) Unless the notice or stipulation states otherwise, the dismissal is without prejudice.

Rule 41(a)(1) thus allows the parties to dismiss an action voluntarily, after service of an answer,

by filing a written stipulation to dismiss signed by all of the parties who have appeared, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal. Fed. R. Civ. Pro. 41(a)(1)(A)(ii); Eitel, 782 F.2d at 1473 n.4. "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval." In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989) (discussing prior, materially identical version of Rule 41(a)(1)); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing prior Rule 41(a)(1)(i) dismissals). "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice." Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

As the parties have filed a stipulation for dismissal with prejudice of this case under Rule 41(a)(1) that is signed by all parties who have made an appearance, this case has terminated. See Fed. R. Civ. Pro. 41(a)(1)(A)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that the Clerk is to close this case in light of the parties' filed and properly signed Rule 41(a)(1) Stipulation Of Dismissal with prejudice.

IT IS SO ORDERED.

**Dated:   November 20, 2008**              /s/ Anthony W. Ishii
                                    CHIEF UNITED STATES DISTRICT JUDGE